### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| THOMAS HENDRICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 06-0034-BH-B |
| PAN AMERICAN FINANCIAL ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

### ORDER

Upon preliminary review of the motion to dismiss (Doc. 7) filed by the defendant, Pan American Financial Services, Inc. ("Pan-American"), the Court is troubled by certain aspects of the proceedings to date. Pan-American acknowledges that, prior to removal, the Circuit Court of Mobile County issued a Temporary Restraining Order against Pan-American, enjoining Pan-American from asserting its claim in the subject Arbitration Proceeding. This TRO was predicated on the conclusion that contract provision sought to be enforced by Pan-American through arbitration was likely to constitute an prohibited restraint of trade that violates Ala. Code § 8-1-1(a) and thus was void *ab initio*. The TRO was further predicated on the conclusion that the harm of this violation of the public policy of Alabama inured to its citizens who "have no means of representing themselves or protecting their rights concerning the enforceability of the early termination fee to the arbitration panel." This TRO was not issued *ex parte* but, instead, following a hearing in which Pan-American fully participated.

In order to temper the Court's disquiet in this matter, it is **ORDERED** that each of the parties advise this Court in writing **on or before May 12, 2006**, whether the *Rooker-Feldman Doctrine*[1] applies to divest this court of jurisdiction to essentially overturn the injunctive relief issued by the Circuit Court of Mobile County.

**DONE** this 3rd day of May, 2006.

s/ W. B. Hand<br>SENIOR DISTRICT JUDGE

---

[1] "[T]he *Rooker-Feldman Doctrine* prohibits a lower federal court from considering claims actually decided by a state court." *Kenman Engineering v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002), *citing*, *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), and *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). As stated succinctly by the Tenth Circuit: "In other words, *Rooker-Feldman* precludes 'a party losing in state court . . . from seeking what in substance would be an appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Id*., *qouting*, *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994).