IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS HENDRICH,              ) | |
| ) | |
|    Plaintiff,              ) | |
| ) | |
| v.                            ) | CIVIL ACTION NO. |
| ) | 06-0034-BH-B |
| PAN AMERICAN FINANCIAL        ) | |
| SERVICES, INC.,               ) | |
| ) | |
|    Defendant.             ) | |

**ORDER**

The parties have now responded (Docs. 33 and 36) to the Court's Order of May 3, 2006 (Doc. 30) and each side advises that the *Rooker-Feldman* doctrine does not preclude this Court's review of the injunctive relief issued in this case by the Circuit Court of Mobile County prior to removal. The Eleventh Circuit's recent explanation of the applicability of doctrine to a properly removed case certainly alleviates this Court's concerns:

> Section 1257(a) limits review of final judgments rendered by the highest court of a state to the United States Supreme Court. 28 U.S.C.A. § 1257(a). The Rooker-Feldman doctrine explains that federal district courts may only exercise original jurisdiction and not appellate jurisdiction over state court judgments, as that is reserved under § 1257 to the United States Supreme Court. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

• • •

> [A] district court is not without subject matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court.
>
> • • •
>
> Subject-matter jurisdiction in federal court can be found under either 28 U.S.C. § 1331, federal question, or 28 U.S.C. § 1332, diversity jurisdiction.
>
> • • •
>
> When a case is removed to federal district court under original jurisdiction "the federal court takes it as [though] everything done in the state court had in fact been done in the federal court." Savell v. S. Ry. Co., 93 F.2d 377, 379 (5th Cir.1937). Therefore, "a federal district court may dissolve or modify injunctions, orders, and all other proceedings which have taken place in state court prior to removal." Maseda v. Honda Motor Co., Ltd., 861 F.2d 1248, 1252 (11th Cir.1988).

*Ware v. FleetBoston Financial Corp.*, 20006 WL 1168793, pp. 3-4 (11th Cir. May 2, 2006).  As defendant clearly acknowledges:

> [T]he *Rooker-Feldman* doctrine does not limit this Court's jurisdiction in this action because, pursuant to 28 U.S.C. Sections 1332, 1441(a), and 1450, this Court has original jurisdiction, explicitly granted by Congress, to fully adjudicate the instant case, reviewing and rescinding *if necessary* any previous determinations of the state court.  In particular, 28 U.S.C. Section 1450 provides in relevant part that "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect ***until dissolved or modified by the district court***."

Defendant's Brief (Doc. 33) at 5 (emphasis added and in original).  The plaintiff agrees that the *Rooker-Feldman* doctrine is inapplicable but nonetheless argues that "overturning

the injunctive relief entered by the Mobile County Circuit Court would be inappropriate." Plaintiff's Brief (Doc. 36) at 1.

Upon consideration of this issue as well as the related motion to dismiss (Doc. 7) filed by the defendant, Pan American Financial Services, Inc. ("Pan-American"), plaintiff's response in opposition thereto (Doc. 14), Pan-American's reply (Doc. 22) and all other pertinent portions of the record, including the temporary restraining order entered by the Circuit Court of Mobile County, the Court concludes and it is therefore **ORDERED** as follows:

1. The Court hereby adopts the well reasoned opinion of the Circuit Court of Mobile County and hereby **RESTRAINS**, until further order of the Court, Pan-American from continuing to assert in the NASD arbitration proceedings bearing case no. 03-07281, a claim to enforce the provision in Article X, section 10.2 of its Personal Service Contract with Thomas Hendrich imposing on Mr. Hendrich the obligation to pay the early termination fee set forth therein and directs Pan-American to cease and desist all efforts to have the arbitration panel enter an award in its favor for that fee by informing the panel that Pan-American is no longer seeking in the arbitration proceeding an award for that fee but, instead, will now pursue that remedy in the United States District Court for the Southern District of Alabama.

2. Pan-American's motion to dismiss plaintiff's petition is due to be and is hereby **DENIED**. The courts of Alabama have, as declared by the Circuit Court of Mobile County in this very case, consistently "recognized that contractual provisions

3

linking the right of an individual to leave a company's employ or service in order to compete with the concomitant payment or forfeiture of money are prohibited restraints of trade that violate Ala. Code § 8-1-1(a) and do not fall within the exceptions set forth in § 8-1-1(b).  Temporary Restraining Order dated January 18, 2006 (Doc. 1-5) at ¶ 2, *citing*, *Associated Surgeons, P.A. v. Watwood*, 295 Ala. 229, 231, 326 So.2d 721, 723 (1976)("a contract which requires the payment of damages in the event one of the contracting parties competes with the other is a contract 'by which . . . one is restrained from exercising a lawful profession'."). *See also*, *Anniston Urologic Associates. P.C. v. Kline*, in which the Alabama Supreme Court emphasized:

> It is well settled in Alabama that to the extent a contract restrains the practice of a lawful profession, it is void, under § 8-1-1(a), as against public policy. *See Pierce v. Hand, Arendall, Bedsole, Greaves & Johnston*, 678 So.2d 765 (Ala.1996); *Friddle v. Raymond*, 575 So.2d 1038 (Ala.1991); *Cherry, Bekaert & Holland v. Brown*, 582 So.2d 502 (Ala.1991); *Salisbury v. Semple*, 565 So.2d 234 (Ala.1990). In *Associated Surgeons, P.A. v. Watwood*, 295 Ala. 229, 231-32, 326 So.2d 721, 722-23 (1976), this Court held unenforceable a contractual provision that imposed a financial penalty on a physician if he terminated his employment and engaged in the practice of medicine within a year in Tallapoosa County.

689 So.2d 54, 56-7 (Ala. 1997).  Pan-American's continued insistence that the arbitration panel has exclusive jurisdiction over this public policy issue ignores that fact that, for those very public policy issues, the contract containing the arbitration clause is void ab initio and there is, therefore, no valid arbitration agreement between these parties.

3.      Pan-American is now directed to **RESPOND** to plaintiff's motion for summary judgment (Doc. 15) no later than **July 10, 2006**.  Plaintiff may **REPLY** no later than **July 17, 2006**, at which time the Court will take the motion under submission.

**DONE** this 13th day of June, 2006.

s/ W. B. Hand
SENIOR DISTRICT JUDGE
